UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL RAY HOGGATT, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-07-785 |
| MICHAEL J. ASTRUE, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Plaintiff Samuel Ray Hoggatt has filed a petition for writ of mandamus, requesting that the Court direct Defendant to reassign his claim for Title II Disability Insurance Benefits to a new Administrative Law Judge. After considering the parties' filings and the applicable law, the Court finds that Plaintiff's motion should be and hereby is **DENIED**.

On April 10, 2002, Plaintiff filed for disability benefits, alleging an onset date of disability of March 16, 2002. An administrative hearing took place on October 21, 2003, and in a decision dated November 18, 2003, an administrative law judge ("ALJ") determined that Plaintiff was entitled to a closed period of disability from March 16, 2002 to July 9, 2003. On December 3, 2004, the Appeals Council partially vacated the ALJ's decision as to certain issues.[1] A new ALJ, Richard Abrams, was assigned to the case on July 8, 2005. ALJ Abrams held at least two hearings in the matter, in March 2006 and August 2006. On August 7, 2006, Plaintiff filed a motion to recuse ALJ Abrams, on the grounds that 1) Plaintiff's counsel, James Foster Andrews, had publicly expressed concern over Abrams' handling of disability cases; and 2) Abrams has never issued any favorable decisions in Social Security cases brought by Mr. Andrews. According to Plaintiff, ALJ Abrams orally denied the motion without comment.

---

[1] While Plaintiff's appeal was pending, he was again seriously injured and required further hospital stays and treatment.

The parties agree that there has been some post-hearing development of the record. After receiving no decision from ALJ Abrams, Plaintiff filed the instant petition for writ of mandamus on March 7, 2007. On March 30, 2007, ALJ Abrams issued an unfavorable opinion. Plaintiff now asks the Court to vacate ALJ Abrams' decision and remand the case to a new ALJ.

Under the mandamus statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform *a duty owed to the plaintiff.*" 28 U.S.C. § 1361 (2006) (emphasis added). The Fifth Circuit has further elucidated the jurisdictional prerequisites to a mandamus petition, requiring a plaintiff to establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citation omitted). The Court cannot find that Plaintiff has satisfied any of the three prongs set forth in *Davis*.

First, Plaintiff has not established a clear right to (or a clear duty on the part of the Social Security Administration to provide) transfer to another ALJ after an unfavorable decision has been issued. The normal procedures followed in Social Security disability benefits cases provide for review by the Appeals Council, if timely requested, and do not articulate any applicable exceptions that would afford Plaintiff the relief he seeks. 20 C.F.R. § 404.900. Further, a district court generally has jurisdiction in a Social Security case only after a claimant has exhausted his or her remedies (*e.g.*, after review by the Appeals Council). *E.g., Muse v. Sullivan*, 925 F.2d 785, 791 (5th Cir. 1991). While Plaintiff cites some appellate authority for the proposition that Social Security claimants have a right to processing of their claims within a reasonable time period,[2] in this instance, Plaintiff's case has been processed, and awaits only review by the Appeals Council and possible appeal to a federal district court. Because additional levels of

---

[2] *E.g., White v. Matthews*, 449 F.2d 852 (2d Cir. 1977).

2

appellate review are available to Plaintiff, the Court also cannot find that Plaintiff lacks "any other adequate remedy."

Plaintiff's allegation of bias on the part of ALJ Abrams, while of concern to the Court, is insufficient to provide this Court with mandamus jurisdiction. First, Plaintiff's contentions do not meet the standard for establishing bias set forth by the Supreme Court, which requires a showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, both Social Security regulations and Fifth Circuit precedent instruct claimants that claims of bias should be brought before the Appeals Council. *See* 20 C.F.R. § 416.1440 ("If the administrative law judge does not withdraw, you may, after the hearing, present your objects to the Appeals Council . . ."); *Muse*, 925 F.2d at 791 (finding that claimant failed to exhaust his administrative remedies as to his claim of bias, because he never filed objections based thereon with the Appeals Council).

The Court finds that it lacks mandamus jurisdiction in this case, and that Plaintiff's petition must therefore be **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 8ve day of August, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT